Per Curiam.

The only issue presented is whether the respondent, Board of County Commissioners, is compelled to appropriate and give to the Soldiers’ Relief Commission the amount of money the commission certified it needed, which amount Section 5901.11, Revised Code, requires the board to raise by levy.
Section 5901.11, Revised Code, provides that the Soldiers’ Relief Commission shall determine and certify to the Board of County Commissioners the probable amount necessary for the aid and relief of indigent persons for the ensuing year, and that the Board of County Commissioners 11 shall make the necessary levy,” not to exceed five-tenths of a mill per dollar on the assessed value of the property of the county. This and related sections of the Code make it a mandatory duty of the Board of County Commissioners to provide the sum certified for the use of the Soldiers’ Relief Commission.
*24 No question has been raised that the statutory provisions were not followed. The evidence affirmatively shows that the relators determined, in the prescribed way, the probable amount necessary for the purposes required by law, and, in a proper manner, certified the same to the respondent board.
Therefore, under the clear language of the statute, the writ of mandamus must be allowed, and the judgment of the Court of Appeals is, therefore, affirmed.
Any hardship which may be imposed on the various county departments by reason of the mandatory nature of the law can be eliminated only by the General Assembly.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Crawford and 0 ’Neill, JJ., concur.
Griffith, J., not participating.
Crawford, J., of the Second Appellate District, sitting by designation in the place and stead of Herbert, J.